UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:22-CR-7 |
| vs. | ) | |
| REBECCA BLANKENSHIP, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on March 2, 2023. At the hearing, Defendant entered a plea of guilty to Count One of the Superseding Indictment.[1] She entered her plea with a plea agreement. On the basis of the record made at the hearing, I find Defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by Defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; Defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

For these reasons, I **RECOMMEND** that Defendant's plea of guilty to Count One of the Superseding Indictment be accepted and that the Court adjudicate Defendant guilty of the charges set forth in that count. I further **RECOMMEND** that Defendant remain in custody until sentencing

---

[1] While the language in the plea agreement stated Defendant was pleading guilty to Count 1 of the "Indictment" as opposed to the "Superseding Indictment," following the Change of Plea hearing, counsel orally moved to have the plea agreement reflect that the guilty plea was to Count 1 of the Superseding Indictment, with Defendant present. Thereafter, a joint stipulation acknowledging the same was filed which contained the signatures of counsel and Defendant.

in this matter. The parties have been advised that acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

**NOTICE TO PARTIES**

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than **Thursday, March 16, 2023**. Failure to file objections within this time frame constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).